# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,                       Civil Action No.:
                                              Honorable:

v.

                                              COMPLAINT AND JURY
                                              TRIAL DEMAND

SLENEEM ENTERPRISES, LLC
dba TIM HORTON'S CAFE & BAKE
SHOP,

        Defendant.
_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Amanda Corley, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 12 and 13 below, the EEOC alleges that Defendant, Sleneem Enterprises, LLC, dba Tim Horton's Cafe & Bake Shop ("Defendant"), failed to accommodate Corley's religious beliefs, resulting in Corley's discharge from the company.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.      The employment practices alleged to be unlawful were committed in Romulus, Michigan within the jurisdiction of the United States District Court for the Eastern District.

3.      Plaintiff, the Equal Employment Opportunity Commission, ("EEOC" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a corporation doing business in the State of Michigan and the City of Romulus and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections

701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.  More than thirty (30) days prior to the institution of this lawsuit, Amanda Corley filed a charge with the Commission alleging violations of Title VII by Defendant.

7.  On April 28, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.  The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.  The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.  On June 7, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

11.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

12. On or about November 16, 2015, Defendant Employer engaged in unlawful employment practices at its Romulus Tim Horton's Cafe in violation of Section 703(a), 42 U.S.C. § 2000e-2(a). The unlawful employment practice consisted of failing to accommodate Corley's sincerely held religious belief, thereby resulting in her discharge.

13. Corley began working for Defendant on November 16, 2015. She wore a skirt instead of pants to her first shift and advised the manager of Defendant's Romulus location that she had to do so in accordance with her Pentecostal Apostolic religious beliefs. Corley attempted to present a letter from her pastor to Defendant's manager regarding these religious beliefs. Defendant's manager, fully aware that Corley was wearing a skirt due to her religion, fired Corley instead of accommodating her. While doing so, Defendant's manager declared that Corley's pastor did not run her place of business. Defendant did not provide a reason as to why it could not accommodate Corley by allowing her to wear a skirt instead of pants.

14. The effect of the unlawful conduct complained of in paragraphs 12 and 13, above, has been to deprive Corley of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

15.     The unlawful employment practices complained of in paragraphs 12 and 13, above, were and are intentional.

16.     The unlawful employment practices complained of in paragraphs 12 and 13, above, were done with malice or with reckless indifference to the federally protected rights of Corley.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in religious discrimination and any other employment practice which discriminates on the basis of religion;

B.     ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals whose sincerely held religious beliefs require adherence to a dress code, including providing reasonable deviation from a dress code as an accommodation;

C.     ORDER Defendant Employer to make Amanda Corley whole by providing
reinstatement and appropriate monetary relief, in the form of compensatory damages in the amounts to be proven at trial;

      D.     ORDER Defendant Employer to pay Amanda Corley punitive damages for its malicious or reckless conduct described in paragraphs 12 and 13, above, in amounts to be proven at trial;

      E.     GRANT such further relief as the Court deems necessary and proper in the public interest; and

      F.     AWARD the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

\_\_\_\_/s/ Kenneth Bird_____
KENNETH BIRD
Regional Attorney


\_\_\_\_/s/ Omar Weaver_____
OMAR WEAVER (P58861)
Supervisory Trial Attorney

\_\_\_\_\_/s/ Miles Uhlar_____
MILES L. UHLAR (P65008)
Trial Attorney

                                                  EQUAL EMPLOYMENT
                                                  OPPORUNITY COMMISSION

                                                  DETROIT FIELD OFFICE
                                                  Patrick V. McNamara
                                                  477 Michigan Avenue, Room 865
                                                  Detroit, Michigan 48226
                                                  Tel. No. (313) 226-3410
                                                  Miles.uhlar@eeoc.gov

Dated: July 18, 2017